# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DALILA GARCIA-LOPEZ, et al.** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **Civil Action No. 1:08CV1397-LG-RHW** |
| | § | |
| **BELLSOUTH** | § | |
| **TELECOMMUNICATIONS, INC.,** | § | |
| **d/b/a AT&T, and WAYNE HARDY** | § | **DEFENDANTS** |

## CONSOLIDATED WITH

| | | |
|---|---|---|
| **JOSE URESTI** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:09CV135-LG-RHW** |
| | § | |
| **BELLSOUTH** | § | |
| **TELECOMMUNICATIONS, INC.,** | § | |
| **d/b/a AT&T, and WAYNE HARDY** | § | **DEFENDANTS** |

## ORDER DISMISSING THE CLAIMS OF JESSIE OCHOA
## FOR FAILURE TO PROSECUTE

**THIS MATTER IS BEFORE THE COURT** *sua sponte* due to Jessie Ochoa (a/k/a

Jessie Valentin-Pacheco)'s failure to comply with two Court Orders and failure to prosecute his

case. Upon reviewing the record in this matter and the applicable law, the Court finds that

Ochoa's claims should be dismissed.

### DISCUSSION

On May 18, 2009, Counsel for Plaintiff filed a Motion [56] to Withdraw as Counsel for

Ochoa, citing an inability to contact Ochoa. Counsel stated that Ochoa is believed to be in

Mexico, and his new address is unknown. The parties have also informed the Court that Ochoa

may have been deported and cannot return to the United States. This Court granted the Motion

to Withdraw in an Order [75] entered in June 16, 2009. Ochoa was ordered to obtain new

counsel within thirty days or to notify the Court of his intent to proceed pro se.  A copy of the Order was sent to Ochoa's last known address.  Ochoa never complied with the Order and the copy of the Order that was sent to Ochoa was returned as undeliverable.  This Court entered an Order requiring Ochoa to show cause why his claims should not be dismissed on May 7, 2010. He also failed to comply with that Order.

Fed. R. Civ. P. 41(b) provides: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  Additionally, a district court has the inherent authority to dismiss an action for failure to prosecute or comply with any court order.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

The claims asserted by Ochoa arise out of an automobile accident that occurred on October 27, 2005.  Therefore, the statute of limitations has now expired and dismissal of Ochoa's claims would, in effect, constitute a dismissal with prejudice.  "A district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)).  The Fifth Circuit has affirmed dismissals with prejudice where it has generally found at least one of the following aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

The Court finds that Ochoa's conduct in failing to respond to two Court Orders

constitutes contumacious conduct. The Court further finds that lesser sanctions would not better serve the interests of justice. Ochoa has not been in contact with either the Court or his former attorneys since at least May of 2009. Furthermore, it has been represented to the Court that Ochoa has been deported. As a result, the Court finds that Ochoa's claims should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the claims of Jessie Ochoa are hereby **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED AND ADJUDGED** this the 18th day of May, 2010.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge